JOHN GLACKNER REALTY CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 10338.   Promulgated March 22, 1928.

*Henry Mannix, Esq.*, for the petitioner.
*Robert A. Littleton, Esq.*, for the respondent.

152

OPINION.

MURDOCK: The petitioner corporation having acquired the two properties in question after March 1, 1913, the profit or loss on their sale in 1921 is to be determined by the difference between the net selling price and the cost to the petitioner, properly depreciated to date of sale, and since the petitioner issued all of its capital stock for these two properties and two others, as a whole, the cost thereof

to the petitioner was the market value of the properties at the date of acquisition. *Rouse, Hempstone & Co., Inc.*, 7 B. T. A. 1018, 1024; and see *Terrace Drive Co.*, 5 B. T. A. 1161. The parties have apparently proceeded upon the theory that this was the proper basis for determining gain or loss on the sale.

To prove this value for the two properties with which we are concerned the petitioner offered the depositions of two real estate brokers who had each been engaged in that business in New York City for more than 25 years. Each of the witnesses was qualified by his experience and his knowledge of the properties in question to give a reliable opinion as to their market value on January 17, 1919. One of the witnesses examined the properties in October, 1924, and the other witness made his examination in August, 1926. The testimony also showed that the properties were in substantially the same condition on the dates of these examinations as they were on January 17, 1919. The respondent has offered no evidence to contradict the testimony of these witnesses and we see no reason why their opinions are not to be relied upon. Therefore, basing our findings upon their testimony, we are of the opinion that on January 17, 1919, the market value of the property at 207 West 121st Street was $7,200 for the land and $5,300 for the building. The petitioner in its brief has only claimed a market value for the property at 841 Amsterdam Avenue on the basis of the lower of the two values given by the two witnesses. Although this value may be somewhat conservative, we agree with the petitioner that the January 17, 1919, market value of the Amsterdam Avenue property was at least that amount, which was $45,000 for the land and $14,000 for the building. The value of the buildings should be depreciated properly to the date of sale for the purpose of computing gain or loss.

Both parties have agreed that a proper rate of depreciation for the buildings was that determined by the examining revenue agent, or 4 per cent for the West 121st Street property and 3 per cent for the Amsterdam Avenue property. The evidence does not show what amounts the Commissioner has allowed as depreciation on these two properties for the taxable year. Therefore, we are unable to find whether or not his determination in this respect was erroneous, and are only able to state that in the light of the evidence and the agreement of the parties the depreciation for the taxable years should be determined by using the values as found above, and the rates of depreciation which the petitioner and the respondent have agreed are correct.

*Judgment will be entered in accordance with the foregoing opinion on notice of 15 days, under Rule 50.*