SEYMOUR MANUFACTURING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 16796, 33811. Promulgated May 29, 1930.

*Chester A. Gwinn, Esq.*, for the petitioner.
*F. R. Shearer, Esq.*, for the respondent.

OPINION.

LOVE: These proceedings, which were consolidated for hearing and decision, are for the redetermination of the following deficiencies:

| Docket No. | Year involved | Date of deficiency letter | Nature of tax | Deficiency |
|---|---|---|---|---|
| 16796 | Fiscal year ended July 31, 1921 | Apr. 12, 1926 | Income and profits | $874.25 |
| 33811 | Fiscal year ended July 31, 1923 | Nov. 15, 1927 | Income | 5,619.73 |
| 33811 | Fiscal year ended July 31, 1924 | do | do | 159.99 |
| 33811 | Fiscal year ended July 31, 1925 | do | do | 338.83 |

The petitions allege that the respondent erred (1) in his determination of the rate of depreciation with respect to machinery and equipment for the fiscal years 1921 and 1922, and with respect to buildings, machinery, and equipment, including patterns and dies, for the fiscal years 1923, 1924, and 1925; (2) in excluding from invested capital for the fiscal year 1921 an alleged "paid-in surplus" in the amount of $43,789.06; (3) in overstating the profit derived from the sale of the Oakland plant during the fiscal year 1923; (4) in refusing to allow as a deduction from net income for the fiscal year 1923 an alleged net loss for the fiscal year 1922 in the amount of $4,130.65; and (5) in adding to the net income for the fiscal year 1923, the amount of $1,205.55 on account of a so-called "error in stating opening surplus."

From the pleadings and admissions we find the following as the facts in this case:

Petitioner is a corporation organized under the laws of the State of Delaware and engaged in the manufacture of axes, scythes, knives and other hand agricultural implements and having its principal place of business at Seymour, Ind.

The only point in dispute relates to certain assets (hereinafter referred to as Oakland assets) acquired by petitioner from the Dunn Edge Tool Co. of Oakland, Me., as of January 1, 1921, for the purpose of computing invested capital for the fiscal year ended July 31, 1921, and for the further purpose of establishing the basis for depreciation deductions and determination of loss or gain upon the sale thereof in the fiscal year 1923. The rates of depreciation are not in dispute.

As of January 1, 1921, petitioner acquired all the assets and assumed all the liabilities of the Dunn Edge Tool Co. of Oakland, Me. The book value of the net assets as appearing on the books of the Dunn Edge Tool Co. at that date was $187,789.06. In consideration of the acquisition of said net assets, the petitioner issued and delivered its own preferred stock, class A, in the par value of $108,000, and assumed a liability of the Dunn Edge Tool Co. to pay its stockholders $36,000 in cash.

Petitioner entered said assets and liabilities on its books at the same values as appeared on the books of the Dunn Edge Tool Co. The difference ($43,789.06) between the book value of the net assets acquired ($187,789.06) and the par value of the said preferred stock plus the amount of said liability to the stockholders of the Dunn Edge Tool Co. (a total of $144,000) was entered on petitioner's books as a credit to "Premium on preferred stock."

The following statement shows the items of assets and liabilities so entered on petitioner's books as of January 1, 1921:

| Assets | | Liabilities | |
|---|---|---|---|
| Cash | $4,949.15 | Accounts payable—trade | $3,858.89 |
| Securities and investments | 6,500.00 | Dunn Edge stockholders | 7,518.48 |
| Accounts receivable | 7,232.61 | Notes payable | 26,000.00 |
| Notes receivable | 2,025.00 | Accrued pay roll | 1,680.63 |
| Mortgages receivable | 2,167.00 | Federal taxes | 911.37 |
| Inventories | 152,954.30 | Reserve for depreciation—buildings | 981.50 |
| Land | 6,798.09 | Reserve for depreciation—machinery | |
| Buildings | 5,031.01 | and equipment | 14,567.37 |
| Machinery and equipment | 52,448.51 | Capital stock—preferred "A" | 108,000.00 |
| Office furniture and fixtures | 2,276.22 | Dunn Edge Tool Co. stockholders | 30,000.00 |
| Delivery equipment | 925.41 | Premium on preferred stock | 43,789.06 |
| Total | 243,307.30 | Total | 243,307.30 |

In determining petitioner's invested capital respondent did not include said item of $43,789.06, nor any part thereof. Petitioner contends that it is entitled to have included in its invested capital the said amount of $43,789.06, prorated from January 1, 1921.

For the years in question the Commissioner allowed depreciation on the depreciable assets so acquired at the following rates and on the following bases for depreciation as of January 1, 1921:

| Assets | Basis | Rate |
|---|---|---|
| | | Per cent |
| Buildings | $1,766.10 | 2 |
| Machinery and equipment | 18,413.46 | 7 |
| Office furniture and fixtures | 799.22 | 10 |
| Delivery equipment | 324.62 | 20 |

The parties are agreed that the rates so used are proper. The petitioner contends that the correct bases for depreciation, as of January 1, 1921, on said assets are as follows:

| Assets | Basis |
|---|---|
| Buildings | $5,031.01 |
| Machinery and equipment | 52,448.51 |
| Office furniture and fixtures | 2,276.22 |
| Delivery equipment | 925.41 |

If it be finally held that the bases as of January 1, 1921, for depreciation on said assets, or any of them, are greater than the amounts used by the Commissioner, then it is agreed that additional depreciation should be allowed on said increases at the respective rates herein above-mentioned. This applies to the fiscal year 1921, and also to the fiscal year 1922, in order to determine whether the petitioner sustained a net loss deductible from net income for 1923. In such event, a corresponding adjustment for allowable depreciation should be made in recomputing the gain from the sale of said assets as hereinafter mentioned.

On July 30, 1923, petitioner sold certain of said Oakland assets, including improvements, for the prices stated below. The Commissioner determined the profit derived from the sale and included the same in petitioner's income for the fiscal year 1923, as follows:

| Assets | Basis allowed (as of Jan. 1, 1921) | Improvements | Accrued depreciation | Selling price | Profit |
|---|---|---|---|---|---|
| Buildings | $1, 766. 10 | $429. 46 | $1, 318. 41 | } $40, 218. 80 | $38, 890. 73 |
| Machinery and equipment | 18, 413. 46 | 2, 959. 75 | 20, 922. 29 | | |
| Furniture and fixtures | 799. 22 | 70. 23 | 343. 66 | 1, 300. 00 | 744. 21 |
| Delivery equipment | 324. 62 | 75. 00 | 287. 50 | 700. 00 | 587. 88 |
| Land | 2, 386. 78 | | | 7, 322. 00 | 4, 935. 22 |
| Total | 23, 690. 18 | 3, 534. 44 | 22, 871. 86 | 49, 540. 80 | 45, 188. 04 |

Petitioner contends that the correct profit from said sale should be computed as follows:

| Assets | Basis claimed (as of Jan. 1, 1921) | Improvements | Accrued depreciation | Selling price | Profit |
|---|---|---|---|---|---|
| Buildings | $5, 031. 01 | $429. 46 | $1, 421. 81 | } $40, 218. 80 | $5, 466. 38 |
| Machinery and equipment | 52, 448. 51 | 2, 959. 75 | 24, 694. 50 | | |
| Furniture and fixtures | 2, 276. 22 | 70. 23 | 577. 52 | 1, 300. 00 | 468. 93 |
| Delivery equipment | 925. 41 | 75. 00 | 445. 53 | 700. 00 | 145. 12 |
| Land | 6, 798. 09 | | | 7, 322. 00 | 523. 91 |
| Total | 67, 479. 24 | 3, 534. 44 | 27, 139. 36 | 49, 540. 80 | 5, 666. 48 |

If it be finally held that the basis (as of January 1, 1921) for gain or loss on the sale of said assets is greater than the basis allowed by the Commissioner, then it is agreed that the profit should be computed accordingly in redetermining the net income for the fiscal year 1923.

Petitioner was duly organized on or about December 30, 1920, under the laws of the State of Delaware, for the purpose of taking over the business of the Seymour Manufacturing Co. (an Indiana corporation organized on or about April 18, 1872, under a fifty-year charter) and to purchase and operate the plant of the Dunn Edge Tool Co. at Oakland, Me. At the date of incorporation of the petitioner its authorized capital stock was 3,000 shares no par value common stock, 1,080 shares $100 par value class A preferred stock, and 3,920 shares $100 par value class B preferred stock. All of the common and class A preferred stock was duly issued; no part of the class B preferred stock was ever issued.

Petitioner waives all other issues raised in its petition under Dockets Nos. 16796 and 33811.

The respondent determined that the actual cash value and/or the fair market value of the net assets acquired from the Dunn Edge

Tool Co., on or about January 1, 1921, was $144,000. The petitioner contends that the actual cash value and/or the fair market value of such net assets was $187,789.06. A comparison of respondent's determination with petitioner's contention with respect to each asset acquired and liability assumed is as follows:

| | Respondent's determination | Petitioner's contention | Difference |
|---|---|---|---|
| ASSETS | | | |
| Cash | $4,949.15 | $4,949.15 | None. |
| Securities and investments | 6,500.00 | 6,500.00 | None. . |
| Accounts receivable | 7,232.61 | 7,232.61 | None. |
| Notes receivable | 2,025.00 | 2,025.00 | None. |
| Mortgages receivable | 2,167.00 | 2,167.00 | None. |
| Inventories | 152,954.30 | 152,954.30 | None. |
| Land | 2,386.78 | 6,798.09 | $4,411.31 |
| Buildings | 1,766.10 | 5,031.01 | 3,264.91 |
| Machinery and equipment | 18,413.46 | 52,448.51 | 34,035.05 |
| Office furniture and fixtures | 799.22 | 2,276.22 | 1,477.00 |
| Delivery equipment | 324.62 | 925.41 | 600.79 |
| Total | 199,518.24 | 243,307.30 | 43,789.06 |
| DEDUCT LIABILITIES ASSUMED | | | |
| Accounts payable—Trade | 3,858.89 | 3,858.89 | None. |
| Dunn Edge stockholders | 7,518.48 | 7,518.48 | None. |
| Notes payable | 26,000.00 | 26,000.00 | None. |
| Accrued pay roll | 1,680.63 | 1,680.63 | None. |
| Federal taxes | 911.37 | 911.37 | None. |
| Reserve for depreciation—Buildings | 981.50 | 981.50 | None. |
| Reserve for depreciation—Machinery and equipment | 14,567.37 | 14,567.37 | None. |
| Total | 55,518.24 | 55,518.24 | None. |
| Net assets | 144,000.00 | 187,789.06 | $43,789.06 |

It is well settled that the respondent's determination is *prima facie* correct and the burden of disproving it is upon the petitioner. *Avery v. Commissioner* (C. C. A., 5th Cir.), 22 Fed. (2d) 6; 6 Am. Fed. Tax Rep. 7019; *William Reibert,* 7 B. T. A. 1198.

If the petitioner is to prevail with respect to the invested capital issue, namely, that the respondent erred in excluding from invested capital for the fiscal year 1921 an alleged " Paid-in Surplus " in the amount of $43,789.06, it is necessary for the petitioner to prove, in accordance with section 326 (a) of the Revenue Act of 1921, that the " actual cash value " of the assets in question on or about January 1, 1921, was $43,789.06 in excess of what the respondent determined them to be.

With respect to the issue relating to the profit derived from the sale of the Oakland plant, the statute prescribes that where property is acquired after February 28, 1913, the basis for ascertaining the gain derived from a sale of such property " shall be the cost " of the property. Section 202 (a), Revenue Act of 1921. The same basis, namely, *cost*, exists where property is acquired after February 28, 1913, for determining " a reasonable allowance for the exhaustion, wear and tear of property used in the trade or business " provided

for in section 234 (a) (7) of the 1921 Act. *Klamer-Goebel Furniture Co.*, 11 B. T. A. 1322, 1325. The cost of property acquired for stock is the "fair market value" of the stock. So, if the petitioner is to prevail with respect to the issues, other than the invested capital issue, it is necessary for the petitioner to prove that the "fair market value" of the stock issued for the assets in question on or about January 1, 1921, was $43,789.06 in excess of the amount determined by respondent.

By narrowing the above comparison schedule down to only the assets which are in dispute, and by deducting the reserve for depreciation of buildings in the amount of $981.50 and the reserve for depreciation of machinery and equipment in the amount of $14,567.37, respondent's determination is narrowed down to a finding that certain assets had an actual cash and/or fair market value at the date of acquisition on or about January 1, 1921, of $8,141.31, instead of $51,930.37, as contended for by the petitioner. The specific assets are the following:

| Assets | Respondent's determination | Petitioner's contention | Difference |
|---|---|---|---|
| Land | $2,386.78 | $6,798.09 | $4,411.31 |
| Buildings | 784.60 | 4,049.51 | 3,264.91 |
| Machinery and equipment | 3,846.09 | 37,881.14 | 34,035.05 |
| Furniture and fixtures | 799.22 | 2,276.22 | 1,477.00 |
| Delivery equipment | 324.62 | 925.41 | 600.79 |
| Total | 8,141.31 | 51,930.37 | 43,789.06 |

It is petitioner's position that the Board should find as a fact that the actual cash and/or fair market value of the assets in question on or about January 1, 1921, was at least the amount of $51,930.37, and that the proof supporting such a finding is to be found in the stipulation of the parties, whereby they have stipulated (1) that at the time the assets in question were acquired by the petitioner they appeared on the books of the Dunn Edge Tool Co. at a net book value of $51,930.37; (2) that the petitioner in setting up the assets on its books set them up at the same net book value of $51,930.37; and (3) that about thirty-one months later, to wit, July 30, 1923, the same assets were sold for an amount of $49,540.80 after improvements in the amount of $3,534.44 had been made in the meantime.

We do not think the stipulation in question overcomes the *prima facie* correctness of the respondent's determination. Book value may be an entirely different thing when compared with actual cash value or fair market value. No evidence was offered as to what kind of value the books reflected. As we said in *Anna S. Richards*, 13

B. T. A. 1279: "We are here concerned not with book value but with market value. The two are not synonomous. See *D. W. Cowden*, 3 B. T. A. 816." Neither do we know any of the circumstances affecting property values between January 1, 1921, and July 30, 1923, when the assets were sold. "We can not assume what might be proven by evidence which was not introduced." *J. M. Lyon*, 1 B. T. A. 378. See also *Foster & Glassell, Ltd.*, 5 B. T. A. 118, and *I. Bertram Marston*, 17 B. T. A. 730. Cf. *Union Terminal Elevator Co.*, 14 B. T. A. 55, where opinion evidence was introduced in addition to a stipulation as to book values.

*Judgment will be entered for the respondent.*